UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MALIKAH ASANTE-CHIOKE                    CIVIL ACTION

VERSUS                                   NO.  22-4587

NICHOLAS DOWDLE, ET AL   .               SECTION "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion to Stay Discovery* **(Rec. Doc. 55)** filed by Defendants, Col. Lamar A. Davis, and Nicholas Dowdle. Dowdle is a Louisiana State Police Officer and Davis is the Superintendent of the Louisiana State Police. The motion is opposed by Plaintiff, Malikah Asante-Chioke (Rec. Doc. 56); Defendants filed a reply (Rec. Doc. 59); and Plaintiff filed a surreply (Rec. Doc. 65). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART.**

## FACTS AND PROCEDURAL BACKGROUND

The Court detailed the factual background of this case in a previous Order and Reasons (Rec. Doc. 47) but provides the following summary. Defendant Dowdle, along with other police officers, shot and killed Plaintiff's father, Jabari Asante-Chioke, after a concerned citizen saw Mr. Asante-Chioke walking on the side of Airline Highway carrying a gun and knife. After the officers parked on the roadway, Mr. Asante-Chioke jogged away from them, and at one point, Mr. Asante-Chioke put his gun to his own head. As Mr. Asante-Chioke jogged away, the officers screamed at him to stop and that they would shoot and kill him.

One officer jogged toward Mr. Asante-Chioke, who had slowed to a walk. When

the officer was ten feet away from Mr. Asante-Chioke, the officer pointed his weapon at him and screamed for him to get on the ground. Mr. Asante-Chioke, without turning or making eye contact, raised his right arm with the gun in hand in the direction of an officer. When his arm was halfway up, that officer opened fire on Mr. Asante-Chioke, who dropped his gun almost immediately. After he dropped the gun, the officers continued to shoot at him, and after several bullet wounds, Mr. Asante-Chioke fell to the ground. The officers fired a total of thirty-six rounds at Mr. Asante-Chioke, and his autopsy revealed that he was shot twenty-four times (six gunshot wounds on his arms, eight on his legs, and ten on his torso), causing fatal wounds.

Plaintiff, Mr. Asante-Chioke's daughter, filed suit against the officers and their supervisors, including Davis, bringing § 1983 claims, wrongful death claims, survival claims, battery claims, and negligent supervision claims. Plaintiff later amended the complaint, adding an additional supervisor defendant (Doe) and an additional claim against the Supervisor Defendants under 42 U.S.C. § 1983 alleging unlawful seizure.

Davis and Dowdle filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Rec. Doc. 36). The Court granted the motion in part and denied the motion in part, dismissing the vicarious liability claims against Davis but denying the requests for other relief. (Rec. Doc. 47). Specifically, the Court found that Plaintiff overcame Dowdle's defense of qualified immunity because she sufficiently alleged that the officers initiated a second round of shots after an initial round clearly incapacitated Mr. Asante-Chioke. *Id.* at 19. Further, because of the circumstances of the case, the specificity of the facts pled, and the court's discretion in issuing a

2

discovery order regarding qualified immunity, the Court declined to issue Defendant's requested order limiting discovery to issues of Dowdle's qualified immunity. *Id.* at 21.

On September 29, 2023, Davis and Dowdle noticed their appeal of the Court's denial of qualified immunity and the denial of the request for a limitation of discovery to only facts involving the determination of qualified immunity. (Rec. Doc. 52). On October 4, 2023, Davis and Dowdle filed the instant motion requesting that this Court stay all discovery pending resolution of the appeal regarding the assertion of qualified immunity and the related request for a limitation of discovery. (Rec. Doc. 55).

## DISCUSSION

Davis and Dowdle move to stay discovery because, they argue, requiring the case to proceed and allowing broad discovery while there is a pending appeal on the issue of Dowdle's qualified immunity and the scope of discovery is improper. (Rec. Doc. 55-1, at 1). In opposition, Plaintiff argues that Dowdle's limited interlocutory appeal does not warrant staying all discovery as to claims not subject to a qualified immunity defense, nor does it warrant staying discovery propounded to the other Defendants not seeking appeal. (Rec. Doc. 56, at 5). In reply, movants concede that federal qualified immunity is not directly applicable to the remaining state law claims, but they assert that when such state law claims (like those against Davis) are completely derivative of the actions for which qualified immunity is being asserted, then logic and consistency warrant that discovery as to the derivative claim should not proceed while the scope of allowable discovery related to qualified immunity is

3

pending appellate review. (Rec. Doc. 59, at 2).[1]

The defense of qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.' ") (citation omitted). However, qualified immunity is "a right to immunity *from certain claims*, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (emphasis in original). Trial courts possess broad discretion to supervise and stay discovery until preliminary questions that may dispose of the case are determined. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). If a party takes an interlocutory appeal, a notice of appeal "does not produce a complete divesture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564-565 (5th Cir. 2007). Although courts often issue a "blanket stay" of all discovery pending an interlocutory appeal in qualified immunity cases, "a complete stay of all discovery pending an interlocutory appeal in a qualified immunity case is neither

---

[1] In their reply, Movants also cite to body camera footage not provided to Plaintiff or to the Court. (Rec. Doc. 59, at 1). In her surreply, Plaintiff notes that raising new issues in a reply memorandum is improper and requests that the Court decline to consider the language quoted from the body camera footage and movants' arguments related thereto. (Rec. Doc. 65, at 3). Of course, the Court may not consider wholly new issues raised for the first time in a reply memorandum, and the Court will not do so here.

mandated nor automatic." *Davis v. Matagorda Cnty.*, No. 18-188, 2019 WL 1924532, at *2 (S.D. Tex. Apr. 30, 2019) (collecting cases).

In this case, the interlocutory appeal concerns whether this Court properly declined to dismiss one of the five claims against Dowdle on qualified-immunity grounds and declined to confine discovery to qualified immunity issues. (Rec. Doc. 52). However, at this point, several other claims that the qualified immunity defense does not apply to remain undecided while the interlocutory appeal is pending. *See Tuttle v. Sepolio*, 68 F.4th 969, 976 (5th Cir. 2023) ("Federal qualified immunity does not apply to state-law claims."). Additionally, several claims remain pending against Defendants (including movant Davis) who are not involved in the appeal.

In arguing that the Court should stay discovery as to all claims and all defendants, Movants primarily rely on the Fifth Circuit's explanation of discovery procedures that a court should take *before* ruling on a motion to dismiss in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). In that case, the court held that a district court must decide any qualified-immunity defense when asserted on a motion to dismiss, and "may not permit discovery against the immunity-asserting defendants before it rules on their defense." *Carswell*, 54 F.4th at 311. The *Carswell* court emphasized that it "only" held that a district court must rule on a motion to dismiss asserting qualified immunity "without the benefit of pre-dismissal discovery." *Id.* at 312. The court went on to explain that, if a district court denies a motion to dismiss on the basis of qualified immunity, the defendant official has two choices: (1) immediately

appeal under the collateral order doctrine or (2) move for discovery limited to factual disputes relevant to whether qualified immunity applies. *Id.*

Here, the Court has ruled on the motion to dismiss, and Dowdle took the first option outlined in *Carswell*: immediately appeal the qualified immunity issue. Nowhere in *Carswell* does the Fifth Circuit direct district courts to stay discovery while that appeal is pending; instead, limiting discovery is presented as an alternative option to seeking appeal. Movants claim that the court has made the decision on qualified immunity "once and for all" on the basis of the complaint. (Rec. Doc. 55-1, at 4). However, several additional opportunities exist for Dowdle to litigate the issue of qualified immunity once and for all, including on summary judgment, appeal, or at trial.

Next, movants argue that Plaintiff's state law claims regarding training and supervision against Davis are derivative of and dependent on the actions taken by Dowdle, so discovery should not proceed. (Rec. Doc. 55-1, at 4-5). Movants rely on a passage from *Ashcroft v. Iqbal*, in which the Court declined to allow discovery and relax the pleading requirements after the Supreme Court determined that respondent's complaint was deficient under Rule 8. 556 U.S. 662, 686 (2009). However, in the instant case, the Court determined that the complaint sufficiently stated a claim and did not require discovery to rule on the motion to dismiss. The *Iqbal* issue cited does not speak to the issue here. *Terwilliger v. Stroman*, No. 1:16-CV-599, 2020 WL 3490222, at *3 (W.D. Tex. June 26, 2020) ("*Iqbal* does not stand for the idea that all discovery for all defendants must be stayed while waiting for

resolution of qualified immunity.").

The Fifth Circuit in *Alice L. v. Dusek* denied a similar motion to stay discovery while an appeal pended regarding the district court's denial of qualified immunity as to the plaintiff's § 1983 claim. The defendant sought a stay of all discovery requests, including those related to the plaintiff's Title IX claims and claims against other defendants. 492 F.3d at 564. The court explained that, although the factual basis of two claims overlapped, the § 1983 claim and the Title IX were legally distinct and a defendant cannot assert qualified immunity from the Title IX claim. *Id.* at 565. Therefore, the discovery requests related to the Title IX claim did not implicate the appealing defendant's right to qualified immunity and discovery disclosures as to that claim did not interfere with any aspects of the appeal. *Id.* at 565. Accordingly, the court held that the district court may compel discovery related to the plaintiff's Title IX claims against the defendants. *Id.*

Similarly here, Plaintiff's claims against Davis and the other defendants, as well as Plaintiff's state-law claims against Dowdle, do not implicate qualified immunity issues, even though the factual basis underlying all these claims is the shooting death of Mr. Asante-Chioke. The interlocutory appeal by Dowdle and Davis relates to Counts I and II of the Amended Complaint: § 1983 Excessive Force and § 1983 Unlawful Seizure. This case includes several other claims: Count III (Wrongful Death), Count IV (Survival), Count V (Battery), Count VI (Negligence), and Count VII (Negligent Supervision and Training). Dowdle cannot assert qualified immunity against Plaintiff's state law claims, and discovery disclosures relating to those claims

would not impede any right to qualified immunity or otherwise interfere with any aspect of Dowdle's appeal. Plaintiff's claims against the non-appealing Defendants are also legally distinct and will proceed regardless of the Fifth Circuit's resolution of the pending appeal. Waiting to allow discovery on issues not related to the pending appeal would unnecessarily delay the resolution of this case. If the Fifth Circuit holds that Dowdle is entitled to qualified immunity on Counts I and II, Dowdle will still need to participate in discovery on the remaining claims. If the Fifth Circuit affirms, this Court will allow the parties sufficient time to conduct discovery on the issue of qualified immunity. *See Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 734 (N.D. Tex. 2014) (declining to stay discovery for claims not on appeal).

Accordingly, to avoid unnecessarily delay and to ensure the preservation of relevant, responsive documentation,

**<u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that the *Motion to Stay Discovery* **(Rec. Doc. 55)** is **GRANTED IN PART AND DENIED IN PART.** Discovery is stayed only as to the § 1983 claims against Dowdle and issues regarding his qualified immunity defense on appeal. Discovery with respect to the other counts of Plaintiff's Amended Complaint may proceed.

New Orleans, Louisiana, this 29th day of November, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE