# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30694
_____

Malikah Asante-Chioke, *individually, and on behalf of* her father, Jabari Asante-Chioke,

           *Plaintiff—Appellee,*

*versus*

Nicholas Dowdle, *in his individual capacity*; Lamar A. Davis, *Colonel, in his individual capacity*,

           *Defendants—Appellants.*

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4587
_____

UNPUBLISHED ORDER

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

---

[*] Judge Higginson would deny the stay. In his view, the majority misreads the record because the appellant is not seeking to appeal the denial of his qualified immunity defense. Independently, he notes that the majority overreads our court's decision in *Carswell*, which held only that district courts must rule promptly on a defendant's qualified immunity defense without the benefit of pre-dismissal discovery. Because the district court complied with our court's holding in *Carswell*

Case: 23-30694 Document: 00517020298 Page: 2 Date Filed: 01/03/2024
Case 3:23-cv-00507-MBN Document 69 Filed 01/03/24 Page 2 of 3

No. 23-30694

A defendant can immediately appeal the denial of a claim of qualified immunity under the collateral order doctrine. *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (2004). And the filing of such an interlocutory appeal "divest[s] the district court of jurisdiction to proceed" against that defendant. *Williams v. Brooks*, 996 F.2d 728, 729 (5th Cir. 1993). After all, "[i]mmunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself." *Id.* at 730 n.2. Accordingly, discovery is ordinarily stayed during the pendency of an interlocutory appeal on an immunity defense. *See, e.g.*, *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022).

In this case, the district court entered a stay of discovery, but only with respect to those claims to which qualified immunity applies. It did not stay discovery with respect to other claims to which it concluded that qualified immunity does not apply.

But this limited stay approach appears to conflict with our decision in *Carswell*. There we observed that a limited stay would put a defendant at risk of having to be deposed twice—once while litigation over the immunity defense is pending, and once afterward. That would "only exacerbate[] the burdens of litigation . . . [and] turn[] qualified immunity on its head by doubling the heavy costs of litigation." *Id.* at 314 (quotations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)).

To be sure, the motion before us today presents this question in a different procedural setting from *Carswell*. But we are aware of no principled reason why the same logic would not apply here, and the parties do not present one.

---

and did not abuse its discretion in denying a stay of discovery on the state-law claims, he concludes that the appellant has failed to demonstrate likelihood of success on the merits and therefore a stay is inappropriate.

Accordingly, we grant the motion for stay of discovery pending appeal.

3