UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MALIKAH ASANTE-CHIOKE                    CIVIL ACTION

VERSUS                                   NO.  22-4587

NICHOLAS DOWDLE, ET AL   .               SECTION "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion to Strike Defendants' Affirmative Defenses* **(Rec. Doc. 94)** filed by Plaintiff, Malikah Asante-Chioke. Defendants, Col. Lamar A. Davis, and Nicholas Dowdle filed an opposition (Rec. Doc. 101); as did Defendants Jonathon Downing and Gerard Duplessis (Rec. Doc. 102); and Plaintiff filed a reply (Rec. Doc. 106). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART.**

## FACTS AND PROCEDURAL BACKGROUND

On November 21, 2021, Defendant Dowdle, a Louisiana State Police Officer,[1] along with two former East Jefferson Levee District Police Officers (Defendants Duplessis and Downing) shot and killed Plaintiff's father, Jabari Asante-Chioke, after a concerned citizen reported Mr. Asante-Chioke walking on the side of Airline Highway carrying a gun and knife. After the officers parked on the roadway, Mr. Asante-Chioke jogged away from them, and at one point, Mr. Asante-Chioke put his

---

[1] Also named as a Defendant is Lamar A. Davis, the then Superintendent of the Louisiana State Police, in his individual capacity related to alleged negligent supervision and training of Dowdle. The Court previously dismissed claims of vicarious liability against Davis.

1

gun to his own head. As Mr. Asante-Chioke jogged away, the officers screamed at him to stop and that they would shoot and kill him.

One officer jogged toward Mr. Asante-Chioke, who had slowed to a walk. When the officer was ten feet away from Mr. Asante-Chioke, the officer pointed his weapon at him and screamed for him to get on the ground. Mr. Asante-Chioke, without turning or making eye contact, raised his right arm with the gun in hand in the direction of an officer. When his arm was halfway up, that officer opened fire on Mr. Asante-Chioke, who dropped his gun almost immediately. After he dropped the gun, the officers continued to shoot at him, and after several bullet wounds, Mr. Asante-Chioke fell to the ground. The officers fired a total of thirty-six rounds at Mr. Asante-Chioke, and his autopsy revealed that he was shot twenty-four times (six gunshot wounds on his arms, eight on his legs, and ten on his torso), causing fatal wounds.

Plaintiff, Mr. Asante-Chioke's daughter, filed suit against the officers and their supervisors, bringing § 1983 claims, wrongful death claims, survival claims, battery claims, and negligent supervision claims. Plaintiff later amended the complaint, adding an additional supervisor defendant (Doe) and an additional claim against the Supervisor Defendants under 42 U.S.C. § 1983 alleging unlawful seizure.

Davis and Dowdle filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Rec. Doc. 36). The Court granted the motion in part and denied the motion in part, dismissing the vicarious liability claims against Davis but denying the requests for other relief. (Rec. Doc. 47). Specifically, the Court found that Plaintiff overcame Dowdle's defense of qualified immunity because she sufficiently alleged

that the officers initiated a second round of shots after an initial round clearly incapacitated Mr. Asante-Chioke. *Id.* at 19. Further, because of the circumstances of the case, the specificity of the facts pled, and the court's discretion in issuing a discovery order regarding qualified immunity, the Court declined to issue Defendant's requested order limiting discovery to issues of Dowdle's qualified immunity. *Id.* at 21.

On September 29, 2023, Davis and Dowdle noticed their appeal of the Court's denial of qualified immunity and the denial of the request for a limitation of discovery to only facts involving the determination of qualified immunity. (Rec. Doc. 52). That appeal is still pending on behalf of Dowdle, and discovery is stayed as to Dowdle.[2]

After receiving discovery responses from the EJLD Defendants that included the identity of Supervisor John Doe, Plaintiff moved for leave to file a Second Amended Complaint naming Acting Superintendent Captain Terry Durnin. (Rec. Doc. 75). The Court granted the motion and docketed the Second Amended Complaint on April 1, 2024. (Rec. Doc. 83). On April 15, 2024, each of the named Defendants filed their Answers and Defenses to the Second Amended Complaint (Rec. Docs. 88, 89, 90). On May 6, 2024, Plaintiff filed the instant motion to strike Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[2] The Fifth Circuit recently vacated and remanded this Court's order regarding the discovery stay. *Asante-Chioke v. Dowdle*, No. 23-30694, 2024 WL 2842206 (5th Cir. June 5, 2024)

scandalous matter." Fed. R. Civ. P. 12(f). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. *Tarver v. Foret*, 1996 WL 3536, *1 (E.D. La. Jan. 3, 1996). However, motions to strike under Rule 12(f) are disfavored and "should be used sparingly by the courts" because they are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Pan–Am. Life Ins. Co. v. Gill*, 1990 WL 58133, *2 (E.D .La. Apr. 27, 1990) (internal quotations omitted). Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted. Id. "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." United *States v. Renda*, 709 F.3d 472, 479 (5th Cir.2013)

Because affirmative defenses are pleadings, they are governed by the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8(a) describes the pleading requirements for claims for relief, subsections (b) and (c) of Rule 8 govern the pleading requirements for defenses and affirmative defenses. *See* Fed. R. Civ. P. 8. Under Rule 8(b) and (c), a defendant must "state in short and plain terms its defenses to each claim asserted against it" and must "affirmatively state any avoidance or affirmative defense ...." Fed. R. Civ. P. 8(b)(1)(A) and (c)(1).

The Fifth Circuit has clarified that the "fair notice" pleading standard applies to affirmative defenses, stating "a technical failure to comply precisely with Rule 8(c) is not fatal" so long as the defendant pleads "with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (cleaned up). The

"fair notice" pleading requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "In some cases, merely pleading the name of the affirmative defense ... may be sufficient" to give the plaintiff fair notice of the defense being advanced. *Id.*

## DISCUSSION

### I.   Timeliness

As an initial matter, Plaintiff's motion is timely. Plaintiff filed the instant motion on May 6, 2024, and Defendants filed their amended Answers and Affirmative Defenses on April 15, 2024. Federal Rule of Civil Procedure Rule 12(f) provides that a court may strike an insufficient defense (1) on its own; or (2) "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Defendants Davis and Dowdle argue that the motion is untimely because Plaintiff has been on notice of the affirmative defenses since September 9, 2023, when Defendants filed their original answers. (Rec. Docs. 48, 49). Davis and Dowdle state that they did not amend their affirmative defenses between versions of their answers, so Plaintiff was on notice of their defenses in September of 2023. (Rec. Doc. 101, at 7-8). Thus, they argue, the resubmission of the affirmative defenses must not provide Plaintiff grounds to now attack the same defenses as if just submitted. *Id.* at 8.

Rule 12(f)(2) states that the motion to strike may be filed within 21 days of being served a specific pleading. The rule does not require the motion to strike to be

filed within a certain amount of time of being put on notice of the contents of a pleading. Defendants cite to no cases supporting this reading of the rule. Because the motion addresses the amended answers, not the original answers, and the motion was filed within 21 days of the amended answers, the Court finds that Plaintiff's motion is timely.

## II.     Qualified Immunity Defenses

Plaintiff requests that the Court strike each Defendant's qualified immunity defenses as legally insufficient and lacking factual support. In their answers to the Second Amended Complaint, Defendants Dowdle, Davis, Downing, and Duplessis each assert a defense claiming they are entitled to qualified immunity from liability and from suit. (Rec. Docs. 89, 90, 91). Dowdle's qualified immunity defense states:

> SECOND DEFENSE
> Dowdle asserts the defense of qualified immunity to the allegations brought against him in the Complaint in all aspects, including immunity from liability and from suit, as he was acting as a public official in the course of his official duties.

(Rec. Doc. 89, at 1). Davis's qualified immunity defense also states:

> SECOND DEFENSE
> Davis asserts the defense of qualified immunity to the allegations brought against him in the Complaint in all aspects, including immunity from liability and from suit, as he was acting as a public official in the course of his official duties.

(Rec. Doc. 90, at 1). The Louisiana State Police (LSP) Defendants Downing and Duplessis assert the following qualified immunity defenses:

> FOURTH DEFENSE
> Downing and Duplessis specifically plead that they is [sic] entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

6

FIFTH DEFENSE
Downing and Duplessis affirmatively allege that the use of force in this matter was reasonably necessary and objectively reasonable under the circumstances and that the constitutional rights of Jabari Asante-Chioke were not violated.

SIXTH DEFENSE
At all times pertinent herein, Jabari Asante-Chioke was the aggressor and his intentional and/or illegal acts placed Downing, Duplessis and the public in imminent danger of bodily injury. His actions resulted in sufficient cause for the use of force.

(Rec. Doc. 91, at 2).

First, Plaintiff attacks the doctrine of qualified immunity, alongside a thorough history of its statutory underpinnings, arguing that recent scholarship has foreclosed the application of qualified immunity as a defense. (Rec. Doc. 94-1, at 7-13). Specifically, Plaintiff's brief points to a recent discovery that the original text of what became § 1983, passed as part of the Civil Rights Act of 1871, contained a clause stating that officials may be held liable for civil rights violations "any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding." *Id.* at 8. (quoting Civil Rights Act of 1871, ch. 22, § 1, 17 Stat. 13 (1871)). The clause preceding the word "notwithstanding" (the "Notwithstanding Clause") was omitted from § 1983 in the U.S. Code without explanation. *Id.* at 9-11. Plaintiff argues that the Court should construe § 1983 as including the Notwithstanding Clause, which would eliminate the defense of qualified immunity. *Id.* at 13.

However, this Court is bound by both circuit and Supreme Court precedent. The Fifth Circuit has recognized, in dissenting and concurring opinions, Plaintiff's

doubts regarding qualified immunity's history. *Villarreal v. City of Laredo*, 94 F.4th 374, 408 n.14 (5th Cir. 2024) (en banc) (Willett, Elrod, Graves, Higginson, Ho, Douglas, JJ., dissenting) (disagreeing with majority's dismissal of plaintiff's claims based on qualified-immunity in part because such protections were "made-up defenses that cannot possibly be squared with the statutory text"); *Rogers v. Jarrett*, 63 F.4th 971, 979 (5th Cir. 2023) (Willett, J., concurring) (examining the Notwithstanding Clause and concluding that "[i]t seems a tall order to square the modern qualified-immunity regime with Congress's originally enacted language.). But neither the Fifth Circuit and the Supreme Court have overturned decades of qualified immunity jurisprudence on the basis that Plaintiff requests, and therefore this Court must also refrain from doing so as well.

Second, Plaintiff argues that Defendants' qualified immunity defenses are impermissibly vague and thus fail to meet the pleading standard under *Twombly* and *Iqbal*. (Rec. Doc. 94-1, at 13). Specifically, Plaintiff contends that Defendants did not provide factual bases for asserting qualified immunity and failed to specify whether they are asserting qualified immunity under federal or state law or to which claims their asserted defense applies. *Id.* As to Defendant Davis, Plaintiff asserts that she is pursuing only a state-law claim against him, so it is indisputable that he is not entitled to federal qualified immunity. *Id.* at 7.

Considering the pleading standard outlined above and the fact that striking a pleading is a drastic remedy used sparingly, the Court finds that Defendants have adequately pled their qualified immunity defenses to survive the instant motion to

strike. Each of the qualified immunity defenses, along with the Defendant's answers and denials of the enumerated facts in the Second Amended Complaint, was specific enough to give Plaintiff fair notice that the defense is being advanced. Plaintiff was clearly not a "victim of unfair surprise;" *Woodfield*; 193 F.3d at 362 ("merely pleading the name of the affirmative defense. . . may be sufficient" to provide a plaintiff with fair notice); months before filing the instant motion, Plaintiff defended a motion to dismissed based in part on the doctrine of qualified immunity. Further, denying this motion to strike would not prejudice Plaintiff; she retains the right to seek summary judgment on qualified immunity as the case moves forward. *See Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 724 (E.D. La. 2011). Therefore, the motion to strike is denied as to Defendants' qualified immunity defenses.

### III. Statutory Immunity Defenses.

Next, Plaintiff argues that Defendants' statutory immunity defenses should be struck because they are either inapplicable or are insufficiently pled. (Rec. Doc. 94-1, at 14). These defenses include Downing and Duplessis's defenses:

EIGHTH DEFENSE
Downing and Duplessis are entitled to and hereby plead the statutory limitation of liability, cost and interest set forth in La. R.S. 13:5106 and La. R.S. 13:5112, as well as any other applicable statutory or jurisprudential limitations of liability, including an award of attorney fees, costs and interest by Plaintiff to Downing and Duplessis under applicable law.

TENTH DEFENSE
Downing and Duplessis plead that, to the extent their acts and/or omissions were a cause of Plaintiff's injuries, which is denied, all such acts and/or omissions constitute policymaking or discretionary acts for which Downing and Duplessis are immune from liability under La. R.S. 9:2798.1.

(Rec. Doc. 91, at 2-3). These defenses also include Davis's and Dowdle's defenses:

> NINTH DEFENSE
> Dowdle pleads the statutory limitation of liability, cost and interest as set forth in La. R.S. 13:5106 and La. R.S. 13:5112, as well as any and all other applicable statutory or jurisprudential limitations of liability, including any potential awards for attorneys' fees, costs, and interest.
>
> TENTH DEFENSE
> Dowdle further pleads that to the extent that any of his acts or omissions caused any injuries to Plaintiff, which is denied, that all such acts or omissions constitute policymaking or discretionary acts pursuant to his lawful powers and duties for which he is entitled to immunity from liability under La. R.S. 9:2798.1.
>
> SEVENTEENTH DEFENSE
> Dowdle pleads as an affirmative defense any and all applicable provisions of the Louisiana Governmental Claims Act (La. R.S. 13:5101, et seq.), specifically including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitation of liability, costs, and interest available to him under the law.

(Rec. Doc. 89, at 2-4). Davis's answer includes the same defenses as Dowdle but substitutes Davis's name. (Rec. Doc. 90, at 2-4).

Again, despite the lack of factual support in pleading these affirmative defenses, the Court finds that these statutory immunity defenses are sufficiently specific to survive a motion to strike. Although Defendants' answers do not specify that these defenses apply to Plaintiff's state law claims, the notice pleading requirement for affirmative defenses does not require such specificity. *See Woodfield*, 193 F.3d at 362 (acknowledging that, "in some cases, merely pleading the name of the affirmative defense...may be sufficient."). The defenses, as articulated, provide Plaintiff fair notice to seek discovery for the particular factual bases on which such immunities and limitations may be based. Thus, these defenses need not be stricken.

### IV.    Failure to State a Claim Defense

Additionally, Plaintiff seeks to strike Defendants' affirmative defenses stating that the Complaint fails to state a claim against each Defendant. (Rec. Doc. 94-1, at 16). First, though broad, this defense provides sufficient notice to Plaintiff under the relevant pleading standard. And second, dispensing with this defense would have no practical effect—the Court has already ruled on Defendants' motion to dismiss for failure to state a claim. (Rec. Docs. 36, 47). Accordingly, the drastic remedy of striking this defense is inappropriate.

### V.    Failure to Mitigate Defense

Defendants each claimed that Plaintiff failed to mitigate her claimed damages, and Plaintiff also seeks to strike these defenses. (Rec. Doc. 94-1, at 17). Dowdle and Davis claim:

> ELEVENTH DEFENSE
> Despite a reasonable opportunity to mitigate any claimed damages, Plaintiff has failed to mitigate any damages and any recovery should be reduced or precluded.

(Rec. Docs. 89, at 3; 90, at 3). Downing and Duplessis claim:

> NINTH DEFENSE
> Despite having adequate and reasonable opportunity to do so, Plaintiff has failed to mitigate the claimed damages so that any recovery sought herein should be reduced or precluded in its entirety.

(Rec. Doc. 91, at 2-3). Plaintiff argues that Defendants failed to provide any factual support for this defense and offered no theory of how Plaintiff failed to mitigate. (Rec. Doc. 94-1, at 17-18). Defendants argue that Plaintiff has been sufficiently put on notice of this defense and discovery should be allowed so that Defendants can show

she did not take reasonable steps to mitigate her emotional distress damages. (Rec. Docs. 101, at 20; 102, at 15).[3]

Although Defendants' claims that Plaintiff failed to mitigate damages lack factual specificity, the Court concludes the failure to mitigate damages defenses provide Plaintiff with fair notice of the nature of defenses. Of course, Defendants will bear the burden of proving any affirmative defenses at trial. As such, the motion is denied as to the failure to mitigate damages defenses.

## VI.   Negligence and Fault-Based Defenses

Defendants claim that Mr. Asante-Chioke's negligence or fault should bar or reduce Plaintiff's recovery. Specifically, Dowdle and Davis claim

TWELFTH DEFENSE
The sole and proximate cause of the injuries/damages alleged in the Complaint were caused by the intentional acts and/or fault of Jabari Asante-Chioke, whose intentional acts and/or fault serve as a complete bar to recovery, or in the alternative, serve to reduce any recovery herein through an application of comparative fault based on the degree/percentage of fault attributable to Jabari Asante-Chioke.

THIRTEENTH DEFENSE
Dowdle pleads the comparative fault and contributory negligence of Plaintiff and/or that of other persons or entities. Accordingly, the injuries complained of are a result of the fault of Jabari Asante-Chioke and/or other third persons or entities. In the alternative, in the event that this Court finds any negligence and/or fault on the part of Dowdle, which is specifically denied, then Dowdle respectfully avers as an affirmative defense, the limitations set forth in Article 2324 of the Louisiana Civil Code. Accordingly, Plaintiff's claims are barred in whole or in part, with any recovery reduceable by the percentage of fault of Jabari Asante-Chioke for his own fault or neglect. Additionally to the

---

[3] Plaintiff also argues that "to the extend that Defendants intend to assert, as support for these purported defenses, that Mr. Asante-Chioke failed to mitigate, he had no duty (or opportunity) to mitigate, as it is well established that the duty to mitigate arises after an injury occurs, not before." (Rec. Doc. 94-1, at 17) (internal citations and quotation marks omitted). These defenses refer to Plaintiff, not Mr. Asante-Chioke, so there is no need to address Plaintiff's arguments as to this issue.

extent proven, Plaintiff's claims are barred in whole or in part, with any recovery reduceable by the percentage of fault, by the comparative fault of parties and/or entities other than this Defendant.

(Rec. Docs. 89, at 3-4; 90 at 3-4).[4] Similarly, Duplessis and Downing claim:

SIXTH DEFENSE
At all times pertinent herein, Jabari Asante-Chioke was the aggressor and his intentional and/or illegal acts placed Downing, Duplessis and the public in imminent danger of bodily injury. His actions resulted in sufficient cause for the use of force.

ELEVENTH DEFENSE
The sole and proximate cause of the injuries and/or damage alleged and sued upon in the Plaintiff's Complaint were caused by the intentional acts and/or fault of Jabari Asante-Chioke, whose intentional acts and/or fault are pled herein as a complete bar to any recovery herein or, in the alternative, as serving to diminish and/or reduce any recovery herein in proportion to the degree or percentage of fault attributable to Plaintiff.

TWELFTH DEFENSE
In the alternative, and only in the event that this Honorable Court should find any liability on the part of Downing and Duplessis, such liability being specifically denied at all times herein, Downing and Duplessis affirmatively plead the contributory and/or comparative negligence and/or fault of Jabari Asante-Chioke, and asserts that such negligence and/or fault operates as a complete bar to any recovery by Plaintiff herein, or in the alternative, diminishes and/or reduces any recovery herein in proportion to the degree or percentage of negligence and/or fault attributable to Jabari Asante-Chioke.

THIRTEENTH DEFENSE
Downing and Duplessis further assert the negligence and fault of Jabari Asante-Chioke. His injuries were the direct result of his own fault and negligence by refusing to obey lawful orders issued by law enforcement officers and by brandishing and pointing a firearm at law enforcement. His fault and negligence operate as a complete bar to Plaintiff's recovery or alternatively, as a partial bar to Plaintiff's recovery to reduce her damages in proportion to the fault of Jabari Asante-Chioke.

(Rec. Doc. 91, at 2-4). Plaintiff argues that these defenses (1) provide no factual

---

[4] Dowdle's and Davis's comparative fault defenses are identical other than the Defendants' names.

support for the claim that Mr. Asante-Chioke was at fault, (2) do not identify the claims to which the defenses could apply and are legally insufficient as to § 1983 claims and (3) are redundant to each other. (Rec. Doc. 94-1, at 19-20). Defendants argue that comparative fault is a valid defense to Plaintiff's Louisiana state law claims of wrongful death based on alleged negligence, battery, and negligent training and supervision. (Rec. Docs 101, at 21; 102, at 17). Defendants also contend that these defenses are facially sufficient based on the facts provided demonstrating Mr. Asante-Chioke or others were at fault and that the defenses are not redundant because each one is nuanced to one aspect of the comparative fault defense. *Id.* at 22.

The Court agrees that there is no basis to strike these defenses. Each defense provides fair notice to Plaintiff that Defendants intend to argue that Mr. Asante-Chioke's actions preceding his death bar his negligence claims or reduce his recovery. These defenses are supported with more than adequate facts to overcome a motion to strike. Further, a close reading of the defenses demonstrates that each enumerated defense alleges different theories: that Mr. Asante-Chioke the sole cause of the damages here, or alternatively, that comparative fault applies to all potential actors including Plaintiff and non-parties, and that Mr. Asante-Chioke's specific actions before the shooting should be considered and apportioned when determining his contributory negligence. Accordingly, these defenses do not fall within any category covered by Rule 12(f), and the Court denies the motion to strike them.

## VII.   Punitive Damages Defenses

Plaintiff also seeks to strike Defendants' defenses that punitive damages are

14

not available for any Louisiana state law claims. (Rec. Docs. 89, at 4; 90, at 4; 91, at 4). Plaintiff argues that these "defenses" are legal arguments regarding the legality of punitive damages, rather than affirmative defenses. (Rec. Doc. 94-1, at 21). The Court disagrees that these straightforward defenses are legal arguments and finds that the defenses are sufficient under the ordinary fair notice pleading standard.

**VIII.   Catch-all and Reservation of Right Defenses.**

Downing and Duplessis pled the following defenses:

EIGHTEENTH DEFENSE
As discovery has not yet commenced, Downing and Duplessis reserve the right to assert additional affirmative defenses and likewise to assert additional affirmative defenses in accordance with the Court's Scheduling Order.

NINETEENTH DEFENSE
Downing and Duplessis specifically aver any and all affirmative defenses specifically enumerated in Federal Rule of Civil Procedure 8(c) which are applicable to this case and/or any and all affirmative defenses recognized by the jurisprudence, and these are plead herein as if copied in extenso to the extent that they apply.

(Rec. Doc. 91, at 4-5). Dowdle pled the following defense, and Davis pled an identical defense, with his name substituted:

RESERVATION OF RIGHTS
Dowdle further gives notice that he intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves his right to amend these responses to assert any such defenses within the Federal Rules of Civil Procedure and the Orders of this Honorable Court.

(Rec. Docs. 89, at 5; 90, at 6).

The Court agrees that these defenses do not provide the required notice to Plaintiff to prevent unfair surprise. If discovery uncovers additional affirmative

defenses that Defendants are not currently aware of, Defendants may file the appropriate motion for leave at that time. Therefore, the Court will grant the motion as to Duplessis and Downing's eighteenth and nineteenth defenses and Davis and Dowdle's "Reservation of Rights" defenses.

Plaintiff also requests that the Court strike Davis and Dowdle's defense "reserving [their] right to assert all motions and issues under F.R.C.P. Rule 12." (Rec. Docs. 89, at 1; 90, at 1). The Court addressed this defense above, finding no basis to strike it and that striking it would have no practical effect.

## IX. Remaining Defenses

Plaintiff also requests that this Court strike Defendants' remaining defenses as redundant, immaterial, or lacking in factual support. The Court finds that each of these defenses relate to Plaintiff's § 1983 claims and state law negligence claims and provide sufficient fair notice to survive the motion to strike. No prejudice would result to Plaintiff from not striking these defenses, and Defendants will ultimately bear the burden of proving them at trial. Accordingly, the Court shall defer action on these defenses and leave the sufficiency of the allegations for determination on the merits. Accordingly,

**<u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that the *Motion to Strike Defendants' Affirmative Defenses* **(Rec. Doc. 94)** is **GRANTED IN PART AND DENIED IN PART.** Duplessis and Downing's eighteenth and nineteenth defenses and Davis and

Dowdle's "Reservation of Rights" defenses are struck. All other requested relief is denied.

New Orleans, Louisiana, this 6th day of June, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE