UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MALIKAH ASANTE-CHIOKE | CIVIL ACTION |
| VERSUS | NO. 22-4587 |
| NICHOLAS DOWDLE, ET AL. | SECTION: "J" (3) |

## ORDER AND REASONS

This case "arises from the death of Jabari Asante-Chioke wherein police officers shot and killed Asante-Chioke after a report that he was visibly distressed, on foot at the intersection of Airline Drive and North Causeway Boulevard in Jefferson Parish, Louisiana, and carrying what was later identified as a gun and knife." *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1127 (5th Cir. 2024). Three pending motions (Docs. 121, 123, 141) address the scope of discovery given the Fifth Circuit's recent judgment and remand order. After considering extensive briefing and several hours of oral argument,[1] the Court resolved the bulk of contested issues from the bench with reasons stated on the record.[2]

It now addresses the last unanswered issue: Is the plaintiff entitled to discovery on state law claims while discovery on her claims under federal law is limited to the issue of qualified immunity? Having carefully considered the parties'

---

[1] *See* R. Docs. 150, 151.
[2] *See* R. Doc. 145.

arguments in the light of the Fifth Circuit's opinion and other applicable law, the Court holds that she is not.

**I.      Background**

During an encounter with law enforcement, Plaintiff Malikah Asante-Chioke's father, Jabari Asante-Chioke, was shot and killed.[3] Plaintiff filed suit, individually and on behalf of her father, against the involved officers, Louisiana State Police (LSP) Officer Nicholas Dowdle and East Jefferson Levee District (EJLD) Officers Jonathon Downing and Gerard Duplessis.[4] She alleged their actions constituted excessive force in violation of the Fourth Amendment and sued them under 42 U.S.C. § 1983.[5] Plaintiff also asserted Dowdle, Downing, and Duplessis are liable under state law for negligence, battery, and her father's wrongful death, and raised a survival action against them on her own behalf.[6] Plaintiff also named the officers' supervisors, LSP Colonel Lamar A. Davis and EJLD Captain Terry Durnin, as defendants.[7] She asserted the supervisors are derivatively liable under state law for providing negligent supervision and training that allegedly led to her father's death and other "unnecessary, negligent, and deadly uses of force."[8]

The District Court rejected Davis and Dowdle's (the "LSP Defendants") argument that the § 1983 claim against Dowdle was subject to dismissal under

---

[3] R. Doc. 83 at 1–2.
[4] *Id.* at 5–6.
[5] *Id.* at 19–21.
[6] *Id.* at 19–24.
[7] *Id.* at 6–7.
[8] *Id.* at 24–27 (quote at 26).

Federal Rule of Civil Procedure 12(b)(6) based on qualified immunity.[9] It held that Plaintiff's well-pleaded factual allegations "raise a reasonable expectation that discovery w[ould] reveal evidence that Dowell fired shots after Mr. Asante-Chioke no longer posed a threat" in violation of a clearly established constitutional right.[10] It also denied their alternative request, joined by Downing, Duplessis, and Durnin (the "EJLD Defendants"),[11] that initial discovery be limited to the question of qualified immunity.[12]

While their appeal[13] of the denial of limited discovery was pending, the LSP Defendants moved the District Court to stay all discovery under the reasoning set forth in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022).[14] The District Court declined and stayed discovery only as to the § 1983 claim against Dowdle. The Fifth Circuit, however, subsequently ordered discovery also be stayed as to the state law claims against the LSP Defendants.[15] It found "no principled reason" to distinguish this case from *Carswell*'s holding that the adjudication of a defendant's qualified immunity defense requires a stay of federal claims that do not involve qualified immunity.[16] Just as in *Carswell*, allowing discovery to go forward on Plaintiff's state law claims against the LSP Defendants "would put [Dowdle] at risk of having to be deposed

---

[9] *See* R. Doc. 47.
[10] *Id.* at 15–21 (quote at 21).
[11] *See* R. Doc. 39.
[12] R. Doc. 47 at 21.
[13] *See* R. Doc. 52.
[14] R. Doc. 55.
[15] *See* R. Doc. 69.
[16] *Id.* at 2.

3

twice—once while litigation over the immunity defense is pending, and once afterward."[17] Such a result "only exacerbates the burdens of litigation" and "turns qualified immunity on its head by doubling the 'heavy costs' of litigation." *Carswell*, 54 F.4th at 314 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)).

With discovery stayed as to the LSP Defendants, discovery on Plaintiff's claims against the EJLD Defendants began in the District Court. About six months later, the Fifth Circuit issued its opinion. The Fifth Circuit vacated the District Court's order, which had refused to limit discovery on the claims against the LSP Defendants to facts relevant to Dowdle's assertion of qualified immunity. *Asante-Chioke*, 103 F.4th at 1132. The Fifth Circuit remanded the case for further proceedings consistent with its ruling. *Id.*

Plaintiff now moves the Court to allow discovery on: (1) *only* qualified immunity as to her § 1983 claim against Dowdle and associated state law claim against Davis; and (2) *unlimited* discovery as to her state law claims against Dowdle and all claims against the EJLD Defendants.[18] Both sets of defendants oppose Plaintiff's proposed discovery plan, pointing out that the Fifth Circuit unequivocally directed the Court "to limit discovery to only the facts necessary to rule on qualified immunity" on remand.[19] In the same vein, the EJLD Defendants move to limit discovery on all claims against them to the issue of Downing and Duplessis' defense

---

[17] *Id.*
[18] R. Docs. 121-1, 136.
[19] R. Docs. 125 at 6–8 (quoting *Asante-Chioke*, 103 F.4th at 1132), 127 at 4–6 (same).

of qualified immunity to Plaintiff's § 1983 claims.[20] Plaintiff opposes, insisting plenary discovery on those claims is appropriate because the EJLD Defendants were not parties to the LSP Defendant's appeal and should not be allowed to "benefit" from the Fifth Circuit's holding.[21]

## II.  Law and Analysis

Once the factual and procedural background has been laid out, the motions' narrow questions of law resolve easily under the Fifth Circuit's analysis. True, the Fifth Circuit's opinion did not state outright that its remand directive to this Court is inclusive of Plaintiff's state law claims against Dowdle, but there is "no principled reason" to determine otherwise.[22] As the Fifth Circuit explained, "one of the most important benefits of the qualified immunity defense is the 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" *Asante-Chioke*, 103 F.4th at 1131 (quoting *Carswell*, 54 F.4th at 310). A court's "failure to limit discovery [is thus] tantamount to the denial of qualified immunity." *Id.* This is the same rationale underlying the Fifth Circuit's order staying discovery on Plaintiff's state law claims against Dowdle pending its decision on appeal. Allowing discovery on *any* related claims against a potentially immune defendant is very likely to increase the overall cost and burden of litigation and to deny that defendant a primary protection of the qualified immunity doctrine.

---

[20] R. Doc. 123-1.
[21] R. Doc. 131 at 2 n.1 (citation omitted).
[22] *See* R. Doc. 69 at 2.

This analysis applies equally to Plaintiff's federal and state claims against Downing and Duplessis, and by extension to the "inextricably intertwined" negligent supervision claim against Durnin. *See Asante-Chioke*, 103 F.4th at 1131. Having asserted the defense of qualified immunity, under the Fifth Circuit's binding precedent in *Asante-Chioke*, Downing and Duplessis are entitled to a determination as to whether that doctrine applies before they are denied its protections and compelled to participate in discovery beyond the scope of this narrow inquiry.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Plaintiff's Motion for Discovery, R. Doc. 121, is **DENIED IN PART AND GRANTED IN PART**, and that the EJLD Defendants' Motion to Limit Discovery, R. Doc. 123, is **DENIED IN PART AND GRANTED IN PART**, as laid out herein and on the record.

**IT IS FURTHER ORDERED** that Durnin's Motion, R. Doc. 141, seeking the entry of a protective order pending the Court's ruling on the aforementioned motions is **DENIED AS MOOT**.

New Orleans, Louisiana, this 4th day of October, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE