UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALIKAH ASANTE-CHIOKE** | CIVIL ACTION<br>NO. 2:22-cv-04587 |
| **VERSUS** | |
| **NICHOLAS DOWDLE, JONATHON DOWNING, GERARD DUPLESSIS, JOHN DOES, COL. LAMAR A. DAVIS, CHIEF ROBERT GARNER AND THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS** | JUDGE CARL J. BARBIER<br><br>MAGISTRATE EVA J. DOSSIER |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR AN ORDER COMPELLING DEFENDANTS TO
PRODUCE INFORMATION RELATED TO TRAINING AND STANDARDS
REGARDING THE USE OF FORCE, DE-ESCALATION, AND INTERACTING
WITH INDIVIDUALS EXHIBITING SIGNS OF A MENTAL HEALTH EVENT AND
TO ALLOW PLAINTIFF TO PURSUE TESTIMONIAL EVIDENCE ON SUCH TOPICS**

**NOW INTO COURT,** though undersigned counsel, come Defendants, Terry Durnin ("Durnin"), Jonathon Downing ("Downing"), and Gerard Duplessis ("Duplessis"), who respectfully submit this Memorandum in Opposition to Plaintiff's Motion for an Order Compelling Defendants to Produce Information Related to Training and Standards Regarding the Use of Force, De-Escalation, and Interacting with Individuals Exhibiting Signs of a Mental health Event and to Allow Plaintiff, to Pursue Testimonial Evidence on Such Topics (the "Motion").

The Motion seeks to compel responses to discovery without limitation or consideration of the Fifth Circuit and this Court's orders limiting the scope of discovery to the narrow issue of whether qualified immunity applies and was submitted without any meaningful attempt at conferral as to these Defendants as required by Federal Rule of Civil Procedure 37(a)(1). This Court should accordingly deny the Motion in its entirety.

1

I.  **FACTUAL BACKGROUND**

The facts relevant to this matter have previously been submitted to this Court by the Defendants and recited by both this Court and the U.S. Court of Appeals for the Fifth Circuit.[1]

II. **LEGAL AND PROCEDURAL BACKGROUND**

On June 5, 2024, the Fifth Circuit directed this Court to "limit discovery to uncover only the facts necessary to rule on qualified immunity." *Asante-Chioke v. Dowdle, et al.*, 103 F.4th 1126, 1132 (5th Cir. 2024), pet. for cert. filed Oct. 3, 2024. Plaintiff then moved for a discovery order permitting certain categories of discovery to proceed, including discovery relating to "police training and practices regarding interactions with individuals exhibiting signs of mental illness, de-escalation tactics, and the use of force." ECF No. 121 at 1–2. Defendants Downing, Duplessis, and Durnin (the "EJLD Defendants") requested an order limiting discovery to "only the facts necessary to rule on these officers' qualified immunity defense." ECF No. 123 at 1. Defendant Durnin also moved for a protective order limiting discovery as to him until the Court could rule on the pending motion to limit discovery. ECF No. 141. Following argument, this Court ordered—consistent with the Fifth Circuit's direction—that, "[h]aving asserted the defense of qualified immunity, under the Fifth Circuit's binding precedent in *Asante-Chioke*, Downing and Duplessis are entitled to a determination as to whether that doctrine applies before they are denied its protections and compelled to participate in discovery beyond the scope of this narrow inquiry." ECF No. 155 at 6.

---

[1] *See* ECF No. 77 at 1–3; ECF No. 89-1 at 2–4; ECF No. 155 at 2–4.

Plaintiff then took the deposition of non-party, Louisiana State Police Trooper Jacob Pucheu ("Trooper Pucheu"). Notably, Trooper Pucheu testified that, while on the scene, he did not inform any of the other officers—including Defendant Downing and Defendant Duplessis—that he observed Mr. Asante-Chioke put the gun to his head, and also never informed any other officers that he thought Mr. Asante-Chioke may be experiencing a mental health crisis. *See* ECF No. 165-2 at 7–8. Plaintiff's counsel attempted to elicit testimony from Trooper Pucheu regarding his training. Counsel for Defendant Davis and Defendant Dowdle (the "Louisiana State Trooper Defendants") objected on the grounds that such questioning was not narrowly tailored to uncover facts relating to the qualified immunity defense on the excessive force claims under the Fifth Circuit order. The parties briefly discussed the appropriate scope of questioning of the specific non-party defendant at the deposition and, unable to reach a consensus, contacted this Court for guidance. This Court agreed with counsel for the Louisiana State Trooper Defendants and ordered, "I'm not going to allow questioning as to the trooper's training." ECF No. 165-2 at 13. This Court's "interim guidance on the scope of permissible deposition testimony" remains subject to "Plaintiff's right to hold open the deposition to revisit this issue via formal motion if necessary." ECF No. 163.

Plaintiff then filed the present Motion, which requests an "order compelling Defendants to produce discovery regarding law enforcement officers' training and standards for use of force, de-escalation, and interactions with individuals exhibiting signs of a mental health event and allowing Plaintiff to pursue testimonial evidence on such topics." ECF No. 165 at 1. The Motion seeks such information from all Defendants, as well as third parties. Specifically, Plaintiff requested that this Court compel responses to

3

Plaintiff's Request for Production Nos. 6 and 9 to Defendant Durnin and Plaintiff's Requests for Production No. 17 to Defendants Duplessis and Downing, and compel Defendants Duplessis and Downing to answer Plaintiff's Interrogatory No. 16; and to permit Plaintiffs to question individuals related to officers' training and the relevant standards, policies and procedures, including during the depositions of Defendants and third parties. *Id.* at 2.

Plaintiff attached a "Rule 37(a)(1) Certificate of Conference" (the "Certificate") to the Motion as required. *See* Fed. R. Civ. P. 37(a)(1). The Certificate states that counsel for Plaintiff "conferred in good faith with counsel for Defendants Lamar A. Davis and Nicholas Dowdle (Bert Miller) and counsel for Defendants Terry Durnin, Gerard Duplessis, and Jonathan Downing (Mark Hanna)" and the parties "contacted Magistrate Judge Dossier to resolve a dispute about the scope of testimonial discovery related to training and standards during the deposition of Trooper Jacob Pucheu." ECF No. 165 at 4. The Certificate references an approximately fifteen-minute in-person discussion during the recess of Trooper Pucheu's deposition regarding the appropriate scope of questioning of Trooper Pucheu, and Judge Dossier's "preliminary ruling based on the limited information before the Court in Defendants' favor without prejudice to either side's right to revisit the issue with the benefit of further briefing." *Id.*

Plaintiff's counsel did not contact undersigned counsel after Officer Pucheu's deposition and prior to filing the Motion. The Certificate does not indicate that Plaintiff's counsel discussed the Requests for Production and Interrogatories directed to Defendants Durnin, Downing, and Duplessis that are the subject of the Motion, either in the brief discussion at the recess of Trooper Pucheu's deposition or any time afterward.

Other than the discussion at and during the recess of Trooper Pucheu's deposition and the conference with Judge Dossier regarding the appropriate scope of the questioning of Trooper Pucheu, Plaintiff's counsel did not confer, or attempt to confer, with undersigned counsel regarding the discovery requests at issue regarding Defendants Durnin, Downing, and Duplessis. Nor did Plaintiff's counsel contact undersigned counsel to advise that Plaintiff intended to file a motion to compel any such responses.

### III. LAW AND ARGUMENT

#### A. The Motion Seeks to Compel Responses and Disclosure of Information That is or May be Outside the Narrow Inquiry of Whether Qualified Immunity Applies, in Violation of the Fifth Circuit and This Court's Orders and Well-Settled Precedent.

The Motion appears to seek a judicial order that could order the disclosure of information that the Plaintiffs are not entitled to in the light of the Fifth Circuit and this Court's rulings limiting the scope of discovery. As the Fifth Circuit explained in this case, "one of the most important benefits of the qualified immunity defense is the 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" *Asante-Chioke*, 103 F.4th at 1131 (quoting *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022)). A court's "failure to limit discovery [is thus] tantamount to the denial of qualified immunity." *Id.* For these reasons, discovery in this matter is presently limited to the narrow issue of whether qualified immunity applies, as directed by the Fifth circuit. *Id.*; *see also Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (explaining that a court considering a qualified immunity defense "may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim."). This legal ruling must continue to govern the scope of discovery as to the Defendants at this stage. *See Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995) ("Under the law-of-the-case doctrine, when a

5

court of competent jurisdiction decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.") (internal quotations omitted). Discovery at this stage must therefore stay within the "ultimate and necessary boundaries." *See Morgan v. Gusman*, No. 06-5700, 2010 WL 1936215, at *3 (E.D. La. May 12, 2010), *citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The discovery requests directed to the Defendants that are the subject of the Motion broadly seek training materials without any discernible limitation as to the specific facts and information that could be relevant to the qualified immunity determination—the sole narrow issue on which discovery is appropriate at this time. It is not relevant, nor proportional to the needs of the case at this time, to subject these Defendants to expansive discovery requests, nor require counsel to review and potentially defend depositions of numerous non-party defendants, whose potential training has no bearing on the question of Defendant Downing and Defendant Duplessis' entitlement to qualified immunity.

The cases cited by Plaintiffs are inapposite. *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2023) dealt with asphyxiation due to a prolonged restraint. The defendant-officer's training in *Timpa* was relevant to the qualified immunity analysis because the risk of asphyxiation was addressed therein, specifically regarding the use of a prone restraint to control subjects in a state of excited delirium. *Id.* at 1031. Thus, "[a] jury could find that an objectively reasonable officer with Dillard's training would have concluded that Timpa was struggling to breathe, not resisting arrest." *Id.* The training of the EJLD Defendants regarding, *e.g.*, de-escalation and individuals exhibiting signs of a mental health event, in contrast, does not bear on whether any Defendant used excessive force in the moment.

6

*See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 387 (1989). ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, and its calculus must embody an allowance for the fact that police officers are often forced to make split-second decisions about the amount of force necessary in a particular situation."). *Roque v. Harvel*, No. 1:17-CV-932, 2019 U.S. Dist. LEXIS 179730 (W.D. Tex. Oct. 16, 2019), involved a suit against both a City of Austin officer and a *Monell* claim against the City, specifically for inadequate training. And *Austin v. City of Pasadena, Texas*, 74 F.4th 312 (5th Cir. 2023), likewise involved a *Monell* against the City regarding their use of force policy and training respective to pre-trial detainees. No *Monell* claim against any local government was brought here. The training materials sought by Plaintiff are outside the scope of the narrow inquiry of qualified immunity for the EJLD Defendants and Plaintiff's request for an order compelling disclosure of the same should be denied.[2]

### B. Defendants Have Already Responded to, or Had Their Objections Sustained, Regarding the Specific Discovery Requests Identified in the Motion.

Plaintiff identified two Requests for Production regarding Defendant Durnin and two identical Requests for Production and Interrogatories regarding Defendant Duplessis and Defendant Downing, respectively. Each Defendant has addressed the requests, either through a response and production, or objection, as required. Plaintiff's Motion is duplicative of previous filings and superfluous on this record. The requests regarding each Defendant are addressed in turn as appropriate.

---

[2] The EJLD Defendants hereby join in and incorporate by reference the arguments asserted in the Louisiana State Police Defendants' Opposition to the Motion, to the extent they are not inconsistent with any arguments asserted herein. *See* ECF No. 169 at 5–16.

### *1.     Defendant Durnin Request for Production No. 6.*

The Plaintiff requested all documents included in Durnin's Employment files during his tenure as an EJLD employee, including but not limited to training records.

Defendant Durnin responded, in relevant part, that he: does not have personal possession, custody or control of any documents responsive to this Request for Production of Documents and a review of the employment file of Durnin maintained by the Southeast Louisiana Flood Protection Authority – East found no documents relative to officers Downing and Duplessis.[3]

Plaintiff has not identified any specific deficiency with this response with this Motion. Moreover, the response is more than adequate at this juncture given the Fifth Circuit's holding limiting the scope of discovery. Specifically, Plaintiff continues to claim bringing a single state-law claim against Defendant Durnin based on his alleged negligent supervision and training of Defendants Downing and Duplessis. Plaintiff has previously asserted that, "nothing in the Fifth Circuit's Order limits what discovery Plaintiff may seek from a different defendant related to a different claim to which the defendant lacks access to federal qualified immunity." ECF No. 142 at 4. But as this Court has held, Plaintiff is not entitled to discovery on state law claims while discovery on her claims under federal law is limited to the issue of qualified immunity of individual defendant officers. ECF No. 155 at 1–2. Such claim is "inextricably intertwined" with the federal and state claims against Defendants Downing and Duplessis, for which the qualified immunity defense applies. *See* ECF No. 155 at 6. And the unlimited request for all training records of Defendant

---

[3] Exh. A, Defendant Durnin's Responses to Plaintiff's First Set of Requests for Production of Documents, at 3.

Durnin is not tailored in any manner to uncovering the facts necessary to rule on qualified immunity regarding Defendants Downing and Duplessis. Plaintiff has not explained in the Motion how Defendant Durnin's training has any impact or relevance on the qualified immunity claims regarding Defendant Downing and Duplessis. The Motion should therefore be denied as to this specific request.

### 2. Defendant Durnin Request for Production No. 9.

The Plaintiff requested all documents included in Durnin's Employment files during his tenure as an EJLD employee, including but not limited to training records.

This Court sustained Defendant Durnin's objection to this Request on the record at the August 27, 2024 hearing. *See* Exh. B, Tr. of Aug. 27, 2024 Hr'g, at pp. 100–102 (discussing Defendant Downing and Duplessis' responses to Request for Production Number 9; the Court directing that "You're not being required to respond to Request for Production No. 9. You've won on that one."); Exh. A at 4 ("Objection sustained by the Court."); *see generally* ECF No. 145 (minute entry of hearing). Plaintiff has not moved to reconsider that ruling and the Motion submits no argument on this point. And like the request to compel the response to Request for Production No. 6, Plaintiff has not limited the request consistent with the Fifth Circuit and this Court's direction, nor has Plaintiff explained how this request as to Defendant Durnin is tailored to uncovering the facts necessary to rule on qualified immunity regarding Defendants Downing and Duplessis. Accordingly, the Motion should also be denied as to this specific request.

### 3. Defendant Duplessis and Defendant Downing Request for Production No. 17.

The Plaintiff requested all training materials received by Downing and Duplessis regarding de-escalation tactics or encounters with Individuals suffering from mental health

9

issues. This Request ranges from the start of Your employment with the EJLD to November 21, 2021.

Defendant Downing and Defendant Duplessis each provided supplemental responses indicating, in relevant part, that they do not have personal possession of any responsive documents; directed Plaintiff to the Bates range of documents provided by EJLD where any such training records might be found; and reserved the right to supplement and amend the response as discovery proceeds. Defendants provided the supplemental responses to Plaintiff in April 2024.[4] Plaintiff made no further assertion of inadequacy or filings regarding any deficiency in the supplemental responses for almost eight months, when the present Motion was filed. And no evidence suggests that Defendant Downing or Defendant Duplessis had any basis, knowledge, or fact to believe that Mr. Asante-Chioke was or may have been experiencing a mental health event. This delay and the overly broad request are insufficient to compel discovery.

### 4.   *Defendant Duplessis and Defendant Downing Interrogatory No. 16.*

The Plaintiff requested a description of all training that the EJLD provided to Downing and Duplessis related to de-escalation tactics and/or recognizing and responding to Individuals with mental health issues, specifically listing the dates of such training and describing their content. The period for this Interrogatory is from the start of employment at EJLD to November 21, 2021.

---

[4] *See* Exh. C, Defendant Duplessis' Responses to Plaintiff's First Set of Requests for Production, at 6; Exh. D, Defendant Downing's Responses to Plaintiff's First Set of Requests for Production, at 6

Defendant Downing and Defendant Duplessis each provided supplemental responses indicating a description of their training generally, that more specific information pertaining to training provided by the EJLD is within the EJLD's records, and a statement that they could not recall each and every event they participated in.[5] Such responses are consistent with the discovery order previously entered in this case. *See* ECF No. 80 at 2 fn.1 ("In other words, Defendants do not have an affirmative obligation to learn more than they already know."). EJLD provided documents to Plaintiff pursuant to a subpoena. Plaintiffs have not identified any specific deficiency in the supplemental responses or documents provided by EJLD. To the extent that the Motion seeks to compel further responses and description of trainings that have already been provided, it is superfluous and unnecessary and should be denied as to this Interrogatory as well. And again, no evidence suggests that Defendant Downing or Defendant Duplessis had any basis, knowledge, or fact to believe that Mr. Asante-Chioke was or may have been experiencing a mental health event.

### C. The Certificate Does Not Comply With Federal Rule of Civil Procedure 37(a)(1) and the Motion Should be Denied on This Basis Alone.

Finally, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a discovery motion "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court likewise requires that the Rule 37 certification must specify:

(1) who participated in the conference;

---

[5] *See* Exh. E, Defendant Duplessis' Answers to Plaintiff's First Set of Interrogatories, at 6–7; Exh. F, Defendant Downing's Answers to Plaintiff's First Set of Interrogatories, at 6–7.

(2) the date and time of the conference;
(3) whether the conference was conducted by phone or in person;
(4) the duration of the conference;
(5) the specific topics that were addressed at the conference; and
(6) whether any issues were resolved by the parties, and, if so, the terms of the resolution.

Counsel should meet and confer either in person, by video conference, or by telephone. Email exchanges are not sufficient.[6]

The failure to engage in a fulsome meet and confer on each disputed response prior to filing a discovery motion constitutes sufficient reason to deny such motion pursuant to Rule 37(a)(1). *See MacNair v. Chubb Eur. Grp. SE*, No. 23-761, 2024 U.S. Dist. LEXIS 27141, at *(E.D. La. Feb. 16, 2024); *see also Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 U.S. Dist. LEXIS 122514, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co. Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 U.S. Dist. LEXIS 249500, at *3 (E.D. La. Apr. 16, 2020).

The Certificate does not state that Plaintiff's counsel met and conferred with undersigned counsel regarding each disputed response identified in the Motion. Nor could it, as Plaintiff's counsel has not in fact conferred, or attempted to confer, with undersigned counsel regarding the discovery requests directed to Defendants Durnin, Downing, and Duplessis that are the subject of the present Motion. Neither did Plaintiff's counsel contact undersigned counsel regarding the potential of filing of a motion to compel any such responses. A fifteen-minute discussion in the recess of a deposition regarding the scope

---

[6] *Motions and Oral Argument, The Honorable Eva J. Dossier*, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, https://www.laed.uscourts.gov/judges-information/judge/honorable-eva-j-dossier (last visited December 9, 2024).

12

of appropriate questioning to a non-party, Louisiana State Trooper who is not represented by undersigned counsel is wholly insufficient to satisfy Rule 37(a)(1)'s requirement to confer in good faith regarding the scope of the documents and information that may be responsive to the Plaintiff's requests, prior to filing a motion to compel responses to such requests.

The Court's direction indicating that Plaintiff may "hold open the deposition to revisit this issue via formal motion if necessary" is not an invitation or judicial blessing to ignore the requirements of Rule 37(a)(1) prior to filing a motion to compel. Undersigned counsel simply has not been afforded the requisite opportunity to meaningfully confer with Plaintiff's counsel regarding the requests at issue in light of the Fifth Circuit and this Court's recent orders limiting discovery to the "narrow inquiry" of whether Defendants are entitled to qualified immunity. Such conferral is required prior to invoking this Court's authority to resolve any dispute. The Certificate satisfies neither the letter nor spirit of Rule 37(a)(1)'s good faith conferral requirement, and the Motion should be denied on this basis alone.

Should this Court determine that (a) the Certificate was appropriate to satisfy the good-faith conferral requirement and (2) Defendants are somehow deficient in their discovery response to date, Defendants respectfully request that the parties be permitted to meaningfully confer in good faith as to the scope of the requests and potentially responsive information, and likewise permitted to provide appropriate responses and disclosures (and, where appropriate, objections) in accordance with the recently-entered Discovery Plan. *See* ECF No. 164 (providing that written fact discovery shall be completed by January 10, 2025). Accordingly, unless and until such conferral on these

previously addressed requests is deemed necessary, a Court order is premature and would impose an inappropriate risk of compelling disclosure of information far beyond the narrow scope of permissible qualified immunity discovery.

## IV.     CONCLUSION

For the foregoing reasons, Defendants Durnin, Downing, and Duplessis respectfully request that the Court deny Plaintiff's Motion for an Order Compelling Defendants to Produce Information Related to Training and Standards Regarding the Use of Force, De-Escalation, and Interacting with Individuals Exhibiting Signs of a Mental health Event and to Allow Plaintiff to Pursue Testimonial Evidence on Such Topics, and decline to award any costs, fees, or other sanctions.

Respectfully submitted,

*s/*Mark E. Hanna
MARK E. HANNA (#19336)
TREVOR M. CUTAIAR (#33082)
JOHN P. D'AVELLO (#39082)
MOULEDOUX, BLAND, LEGRAND &
    BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone:  (504) 595-3000
Facsimile:  (504) 522-2121
Email:  mhanna@mblb.com
tcutaiar@mblb.com
jdavello@mblb.com

*Attorneys for Defendants Terry Durnin, Gerard Duplessis, and Jonathon Downing*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Mark E. Hanna