UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MALIKAH ASANTE-CHIOKE | CIVIL ACTION |
| VERSUS | NO. 22-4587 |
| NICHOLAS DOWDLE ET AL. | SECTION: "J"(3) |

### ORDER & REASONS

Before the Court are two motions: the first, a *Motion to Exclude the Testimony and Opinions of Dr. George Kirkham* **(Rec. Doc. 195)** filed by Defendants Col. Lamar A. Davis and Nicholas Dowdle ("LSP Defendants"); the second, a *Motion to Exclude Plaintiff's Expert Dr. George Kirkham* **(Rec. Doc. 196)** filed by Defendants Officers Johnathan Downing, Gerard Duplessis, and Terry Durnin ("EJLD Defendants"). **(Rec. Doc. 196)**. Plaintiff filed an opposition to both motions. (Rec. Doc. 221). LSP Defendants filed a reply. (Rec. Doc. 229). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that LSP Defendants' motion is **GRANTED** in part and **DENIED** in part, and that EJLD Defendants' motion is **DENIED**.

### LEGAL STANDARD

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3)

the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to the facts of the case. Fed. R. Evid. 702. The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Both scientific and nonscientific expert testimony are subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

When expert testimony is challenged under *Daubert*, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence. *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998).

To be reliable, expert testimony must be based on "scientific knowledge," meaning it must be "ground[ed] in the methods and procedures of science" and based on "more than subjective belief or unsupported speculation." *Daubert,* 509 U.S. at 589-90. However, this rule does not require the testimony to be based on a scientific study, but allows testimony based on "personal experience" if, in the trial court's view, there is a sufficient level of "intellectual rigor" underlying the testimony. *Kumho Tire Co.*, 526 U.S. at 152. Indeed, "reliance upon extensive personal experience or specialized knowledge is an acceptable ground for the

admission of expert testimony." *Derouen v. Hercules Liftboat Co., LLC*, No. CV 13-4805, 2015 WL 13528499, at *3 (E.D. La. Sept. 4, 2015).

A number of nonexclusive factors may be relevant to the reliability analysis, including: (1) whether the technique at issue has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the potential error rate; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see also Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has considerable leeway in determining how to test an expert's reliability.").

With respect to the relevancy prong, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Ultimately, a court should not allow its "gatekeeper" role to supersede the traditional adversary system, or the jury's place within that system. *Scordill v. Louisville Ladder Grp., LLC*, No. 02-2565, 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003). As the Supreme Court noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are

3

the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Generally, questions relating to the basis and sources of an expert's opinion rather than its admissibility should be left for the jury's consideration. *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

## **PARTIES' ARGUMENTS AND DISCUSSION**

LSP and EJLD Defendants (hereinafter collectively "Defendants") make four main arguments as to why this Court should exclude Dr. Kirkham along with his testimony and opinions. (Rec. Doc. 195-2; Rec. Doc. 196-1).

(1) Dr. Kirkham opines on the ultimate legal issue in the instant case, but Fifth Circuit law prevents him from doing so. (Rec. Doc. 195-2, at 3; Rec. Doc. 196-1, at 11).

(2) Expert testimony would not significantly assist the trier of fact because the entire incident was captured on video. (Rec. Doc. 195-2, at 3; Rec. Doc. 196-1, at 10-11).

(3) Dr. Kirkham's testimony is unreliable, irrelevant, prejudicial, and potentially confusing to the jury. (Rec. Doc. 195-2, at 3; Rec. Doc. 196-1, at 11-12).

(4) Dr. Kirkham is unqualified to submit expert testimony in the instant case, and his methodology is unreliable. (Rec. Doc. 195-2, at 3; Rec. Doc. 196-1, at 9-12).

### I.     Inadmissible Legal Conclusions

Defendants argue that Dr. Kirkham's opinion that the shooting officers' actions and a portion of the use of force were unreasonable is impermissible testimony which bears on the ultimate legal issue in this case. (Rec. Doc. 195-2, at 3; Rec. Doc. 196-1, at 11). Defendants note that under U.S. Fifth Circuit law, experts cannot render conclusions of law or provide opinions on legal issues. (Rec. Doc. 195-2, at 5; Rec. Doc. 196-1, at 11 (citing *Renfroe v. Parker*, 974 F. 3d 594, 598 (5th Cir. 2020))). According to LSP Defendants, the ultimate legal issue here is whether the shooting officers' actions were reasonable, thus entitling them to qualified immunity. (Rec. Doc. 195-2, at 5-6). LSP Defendants argue that Dr. Kirkham provided his opinion on this ultimate legal issue by concluding in his report that the shooting officers committed "serious violations of well-established standards and procedures of the law enforcement profession," including his belief that the shooting officers continued firing at Mr. Asante-Chioke after he was incapacitated and was no longer an imminent threat to them. (Rec. Doc. 195-2, at 5-6 (quoting Rec. Doc. 195-3, at 18)). EJLD Defendants also note that in his report, Dr. Kirkham opines that the shooting officers' actions "during the shooting itself . . . were not the actions of an objectively reasonable officer." (Rec. Doc. 196-1, at 3 (quoting 196-3, at 16)).

Plaintiff argues that Dr. Kirkham's language in his report is allowed under Fifth Circuit law. (Rec. Doc. 221, at 5-6). She cites *Joseph v. Doe*, which held that a use of force expert may testify regarding "police policies and procedures as well as whether or not specific acts by a defendant comported with those policies or

5

procedures," so long as the testimony is not a "forbidden opinion on the ultimate legal issue in the case." *Joseph v. Doe*, 2021 WL 2313475, at *4 (E.D. La. June 7, 2021) (internal quotations omitted). *Id.* at 6. Plaintiff contends that Dr. Kirkham does not offer any opinions on the ultimate issue of reasonableness. *Id.* at 6. According to Plaintiff, Dr. Kirkham's report only explains the applicable police practices and training standards and assesses whether the shooting officers complied with those standards. *Id.* Thus, Plaintiff argues that Dr. Kirkham's opinions and report are admissible. *Id.*

Dr. Kirkham offers inadmissible opinions in his expert report. The Fifth Circuit law is clear that experts may not opine on whether an officer used unreasonable force. "It is … error to allow expert testimony on whether an officer used unreasonable force." *Renfroe v. Parker*, 974 F. 3d 594, 598 (5th Cir. 2020). Reasonableness is an inadmissible legal conclusion. *Id.* In his report, Dr. Kirkham opines that the shooting officers' actions "during the shooting itself . . . were not the actions of an objectively reasonable officer." (Rec. Doc. 195-3, at 16). Dr. Kirkham clearly opines as to the reasonableness of shooting officers' actions in his report. This portion of his testimony is inadmissible.

In his report Dr. Kirkham also opines that the shooting officers "continued firing excessive shots beyond the point that Mr. Asante-Chioke became incapacitated" and "no longer posed any threat." (Rec. Doc. 195-3, at 18,19). Such an opinion is also an inadmissible conclusion on the ultimate legal issue. "To overcome an officers' claim of qualified immunity on [plaintiff's] claim of excessive force, [plaintiff] must show

6

'(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Poole v. City of Shreveport*, 691 F.3d 624, at 628 (5th Cir. 2012) (quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009)); *see also* (Rec. Doc. 176, at 2 (citing *Roque v. Harvel*, 993 F. 3d 325, 336-39 (5th Cir. 2021) (explaining that an officer continuing to shoot at an incapacitated individual is a clearly established constitutional violation))). Here the force at issue is the officers' continuous shooting of Mr. Asante-Chioke. By opining that the shooting was excessive, Dr. Kirkham opined on the excessiveness of the shooting officers' use of force. Further, by opining that the shooting officers continued firing on Mr. Asante-Chioke after he was incapacitated, Dr. Kirkham opined that the shooting officers violated the constitution. Accordingly, Dr. Kirkham's opinions concerning the shooting's excessiveness and whether the shooting officers continued firing on Mr. Asante-Chioke after he became incapacitated are inadmissible.

However, Dr. Kirkham also offers admissible testimony in his report. Plaintiffs are correct that experts may opine on whether officers complied with applicable police policies and procedures. *Gibbs v. Lopinto*, No. 21-1091, 2023 WL 3224581, at *3 (E.D. La. May 3, 2023) "Expert testimony regarding [police] policies and procedures, and [officers'] compliance with those policies and procedures, is admissible." *Id.* (citing *United States v. Warren*, No. 10-154, 2010 WL 11623588 at *4 (E.D. La. Nov. 8, 2010)). In addition to his opining on the ultimate legal issue, Dr. Kirkham explains national and local police standards on use of force and then assesses whether the shooting

7

officers complied with those standards when shooting Mr. Asante-Chioke. (Rec. Doc. 195-3, at 8-9,17-19). Dr. Kirkham's testimony, insofar as it explains police policies and procedures and assesses whether the shooting officers complied with those procedures, is admissible.

## II. Expert Testimony in Light of Bodycam Footage

LSP Defendants also argue that Dr. Kirkham should not be able to opine on whether the officers' actions were objectively reasonable because officer bodycam footage "captures the entire shooting incident." (Rec. Doc. 195-2, at 8). According to LSP Defendants, Dr. Kirkham's opinions would not help the factfinder analyze the video evidence. *Id.* LSP Defendants cite three cases that excluded expert testimony when there was bodycam footage of the incident. *Id.* (citing *Dunlap v. Hood*, No. 3-07-CV-2141-BD, 2009 WL 362292, at *1 (N.D. Tex. Feb. 13, 2009); *Slack v. City of San Antonio, Texas*, No. SA-18-CV-01117-JKP, 2021 WL 1390428, at *4 (W.D. Tex. Apr. 13, 2021); *Lee v. Anderson*, 616 F. 3d 803, 809 (8th Cir. 2010)). EJLD Defendants also appear to make this argument. Additionally, they cite a case where Dr. Kirkham's opinion was excluded because video captured the relevant incident. (Rec. Doc. 196-1, at 10-11) (citing *Estate of Collins. v. Willburn*, 253 F. Supp. 3d 989 (E.D. Ky. 2017)).

Plaintiff contends that Dr. Kirkham's testimony will help the factfinder determine whether the shooting officers are entitled to qualified immunity. (Rec. Doc. 221, at 3). Plaintiff cites several cases where this Court found expert testimony on police policies and procedures, and the defendant officers' compliance with those

8

policies and procedures, to be admissible. *Id.* at 3-4 (citing *Cortez v. Custard*, No. 20-3110, 2024 WL 2941166, at *4 (E.D. La. June 11, 2024); *Gibbs v. Lopinto*, No. 21-1091, 2023 WL 3224581, at *3-4 (E.D. La. May 3, 2023); *Joseph v. Doe*, No. 17-5051, 2021 WL 2313475, at *4-5 (E.D. La. June 7, 2021)). Still, Plaintiff does not appear to proffer these cases to directly contest Defendants' argument that video evidence of the incident in dispute renders Dr. Kirkham's opinions unhelpful to the factfinder.

This Court has already found that any of Dr. Kirkham's opinions concerning the reasonableness of the shooting are inadmissible. Still, Defendants do not explain why a video recording of the relevant incident in the instant case will render all of Dr. Kirkham's opinions unhelpful. Defendants also fail to explain how each of their cited cases are factually analogous such that they should compel this Court to reach the same result in the instant case. The disputed facts here concern whether the shooting officers "continued using deadly force by firing shots at Asante-Chioke after he became incapacitated" when there were "multiple alleged shooters from at least two different law enforcement agencies" and "thirty-six rounds fired upon Mr. Asanti Chioke." *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024). Here Dr. Kirkham's potential testimony on police policies and standards, and whether the shooting officers complied with those standards, may assist the factfinder in determining whether each of these shooting officers' actions were objectively reasonable under the circumstances. Consequently, this Court will not exclude Dr. Kirkham as an expert solely because video captured the entire incident.

9

### III. Relevance of the Shooting Officers' Compliance with Their Training

EJLD Defendants also argue that Dr. Kirkham's opinion as to whether officers Downing and Duplessis complied with their training is irrelevant and inadmissible because the officers could still be entitled to qualified immunity, regardless of whether their actions were contrary to their training. (Rec. Doc. 196-1, at 9). In support of this argument, ELJD Defendants cite the United States Supreme Court's opinion in *City & Cty. of San Franciso, Calif. v. Sheehan*, 575 U.S. 600 (2015), where the Court found that a plaintiff could not "avoid summary judgment by simply producing an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless" if "a reasonable officer could have believed his conduct was justified." *Id.* (quoting *Sheehan*, 575 U.S. 600, at 617).

Plaintiffs contend that EJLD Defendants erroneously rely on *Sheehan* for two reasons. (Rec. Doc. 221, at 5). First, the finding in *Sheehan* was about the *weight* of an expert's opinion, not its admissibility. *Id.* Second, Dr. Kirkham's testimony about police standards and practices, and the shooting officers' compliance therewith, is distinguishable from the expert testimony in *Sheehan*. *Id.*

Plaintiff's arguments have merit. *Sheehan* does not prevent this Court from considering whether the shooting officers complied with their training. *Sheehan* did not hold that experts may not opine on police policies and procedures and whether an officer complied with those procedures. *City & Cty. of San Franciso, Calif. v. Sheehan*, 575 U.S. 600, 616-17 (2015). Further, at least one court has found that EJLD

Defendants' quoted portion of the *Sheehan* opinion was about the weight of an expert's opinion, not its admissibility. *Diamond v. City of Sandy*, No. 22-346, 2025 WL 448003, at *7 n.9 (when discussing *Sheehan*, the court noted that EJLD Defendants' quoted portion "discusses the *weight* of an expert opinion in the qualified immunity analysis, not the *admissibility* of that evidence.") Consequently, the Court finds that Dr. Kirkham's opinions on whether the shooting officers complied with their training will be relevant to the issues in this case.

### IV.  Relevance of Impressions of Events Leading up to the Shooting

LSP Defendants also seek to exclude other commentary by Dr. Kirkham describing his impressions of the body cam footage which captures the events leading up to the shooting. (Rec. Doc. 195-2, at 9). For example, LSP Defendants seek to exclude Dr. Kirkham's deposition statements where he describes the scene as follows: "people are screaming, cursing, shouting, 'Drop the gun!'" "Don't yell, don't scream, don't threaten. And these things were not followed. Cursing at someone;" "[they] escalated it into an exigent situation by— by rushing in and cursing and shouting at the guy." "All there is is excitement and threats and curses and moving out in the open. This is a totally chaotic kind of Keystone cops situation." *Id.* (quoting Rec. Doc. 195-5, at 123, 134, 206-07). LSP Defendants also note that "Dr. Kirkham describes Chioke's actions of brandishing a gun and a knife, evading police, running/jogging in the middle of the street, and not following any lawful commands as 'Asante's just walking down the – down the causeway there.'" *Id.* (quoting Rec. Doc. 195-5, at 200).

11

LSP Defendants argue that such statements are unnecessary, irrelevant, inaccurate, and do not assist the factfinder. *Id.* at 10.

Plaintiff does not address LSP Defendants' claims that Dr. Kirkham's impressions are irrelevant, unnecessary, and unhelpful to the fact finder. However, she does contend that Dr. Kirkham's testimony is accurate. (Rec. Doc. 221, at 7). Plaintiff also asserts that any inaccuracies should be "properly addressed by examining Dr. Kirkham's testimony at trial." *Id.*

LSP Defendants' arguments as to the irrelevance and non-necessity of Dr. Kirkham's impressions have merit. The ultimate issue here is not whether the shooting officers acted unreasonably by opening fire upon Mr. Asante-Chioke, but rather whether they acted unreasonably by continuing to fire after he allegedly became incapacitated. The events leading up to the shooting are irrelevant to this issue. Accordingly, this Court will not allow Dr. Kirkham to testify as to his impressions of the events leading up to the shooting.

### V. Relevance of Available Alternatives

LSP Defendants also seek to exclude Dr. Kirkham's testimony and report language that discusses alternatives for how the officers should have handled their encounter with Mr. Asante-Chioke. (Rec. Doc. 195-2, at 11). For example, LSP Defendants note that Dr. Kirkham suggests that the officers "should have sought and stayed behind cover, called for a supervisor to come to the scene, called a K-9 Unit, called for less lethal weapons, and called for a helicopter." *Id.* (citing Rec. Doc. 195-3, at 20). Additionally, LSP Defendants note that Dr. Kirkham opines that the officers

12

did not "'comport with best practices' on interacting with emotionally disturbed persons, de-escalation, and taking cover.'" *Id.* LSP Defendants argue that such discussion is "not relevant to the ultimate issue, which is whether Mr. Chioke's constitutional right to be free from excessive force was violated or whether the defendants are entitled to qualified immunity regarding the incident." *Id.*

Plaintiff offers no opposition to the LSP Defendants on this point.

This Court finds that LSP Defendants' argument has merit. Dr. Kirkham's opinions and discussions as to the shooting officers' handling of the events leading up to the shooting are irrelevant to the issue of whether the officers acted unreasonably by continuing to fire upon Mr. Asante-Chioke. Accordingly, this Court excludes such opinions, testimony, and report information in which Dr. Kirkham describes events leading up to the shooting and any alternative practices available to the officers concerning these events.

## VI. Dr. Kirkham's Expert Qualifications

Defendants also attack Dr. Kirkham's expert qualifications. (Rec. Doc. 195-2, at 13; Rec. Doc. 196-1, at 9). Defendants argue that Dr. Kirkham is unqualified because he has not recently (1) lectured in any capacity as a professor of criminology or criminal justice (2) written a paper on police use of force or (3) worked as a police officer for over 32 years, and when he did, "he only worked one shift per week." *Id.* Further, LSP Defendants note that Dr. Kirkham has not "demonstrated any continued education, training, or involvement regarding police use of force apart from providing expert testimony." *Id.* at 14.

13

Defendants mention that district courts have excluded Dr. Kirkham from testifying in prior cases, similar to the case here, due to his lack of credentials. Rec. Doc. 195-2, at 14; Rec. Doc. 196-2, at 10). Defendants cite one case where the court excluded Dr. Kirkham's testimony on use of force during a DWI stop. *Pharr v. Wille*, No. 14-CV-762, 2016 WL 4082740, at *8 (W.D. Tex. July 29, 2016). There, the court found that Dr. Kirkham lacked sufficient academic achievement to qualify as an expert witness on "use of force during a traffic stop." *Id.* at *6. Specifically, the court referenced his lack of training on handling DWI suspects and his small fraction of published material on excessive force in the DWI context. *Id.*

Plaintiff argues that lack of recent experience, publications, or education in the relevant subject matter should not disqualify Dr. Kirkham. (Rec. Doc. 221, at 10). Plaintiff notes that Defendants offer no cases which require a police use of force expert to have recent experience, publications, or education in the relevant field. *Id.* Plaintiff also argues that experience is not the only way an expert can be qualified. Plaintiff contends that an expert can also be qualified through knowledge, education, training, or skill. *Id.*

Plaintiff also argues that *Pharr* is an outlier and distinguishable from the instant case. *Id.* Plaintiff asserts that Dr. Kirkham has more published material and experience on the relevant subject matter here than he does with DWI stops. *Id.* Plaintiff notes that Dr. Kirkham has several relevant publications to the matter here, such as *Negligent Use of Police Firearms*, *Police Use of Deadly Force*, and *The Police Officer in the Community*. *Id.* Plaintiff argues that these publications, in tandem with

Dr. Kirkham's experiences as a police use of force expert, qualify him as an expert on use of force. *Id.* at 9-10.

This Court agrees with Plaintiff's argument. A witness may qualify as an expert through their "knowledge, skill, experience, training, *or* education." Fed. R. Evid. 702. (emphasis added). "Rule 702 expressly recognizes five bases for qualifying an expert: 'knowledge, skill, experience, training, or education.' It is clear that a background in just one of these five may be sufficient. For example, a witness with an academic background in a given area but no practical experience may still qualify as an expert." *Anderson v. Allstate Ins. Co.*, 2021 WL 292440, at *10 (M.D. La. Jan. 28, 2021) (quoting 29 Victor J. Gold, *Federal Practice & Procedure* § 6264.1 (2d ed. 2020)). Further, Defendants fail to offer any cases which hold that a use of force expert must have recent knowledge, skill, experience, training, or education in the relevant subject matter.

This Court also finds that the relevant subject matter in this case is distinguishable from that in *Pharr* and more in line with Dr. Kirkham's qualifications and experience. Dr. Kirkham's publications on *Negligent Use of Police Firearms* and *Police Use of Deadly Force* qualify him to testify as an expert on deadly force and officers' use of firearms. The shooting officers here used deadly force with firearms while shooting Mr. Asante-Chioke. So, the relevant subject matter concerns police use of deadly force with firearms. Accordingly, Dr. Kirkham is qualified to discuss the relevant subject matter of the instant case.

## VII. Dr. Kirkham's Expert Methodology

LSP Defendants also attack Dr. Kirkham's methodology. (Rec. Doc. 195-2 at 15). They argue that Dr. Kirkham bases his opinions on facts that do not exist or that lack evidentiary support. *Id.* at 15-16. For example, LSP Defendants claim that Dr. Kirkham erroneously bases his opinions on the fact that the shooting officers had knowledge that Mr. Asante-Chioke was experiencing a mental health crisis. *Id.* at 16. LSP Defendants argue that the shooting officers lacked such knowledge. *Id.* Therefore, Defendants assert that Dr. Kirkham uses unreliable methodology because he bases his opinions on facts that do not exist. *Id.*

Plaintiff argues that the factual evidence in the record supports Dr. Kirkham's conclusions. (Rec. Doc. 221, at 8). Plaintiff asserts that any disputes concerning these facts should go the weight of Dr. Kirkham's opinion and not to the reliability of his methodology. *Id.*

Plaintiff's argument has merit. In this Court, an "attack on the factual basis of [an expert's] opinion is not a ground for exclusion." *Solstice Oil & Gas I LLC v. OBES Inc.*, No. 12-2417, 2015 WL 5059601, at *7 (E.D. La. Aug. 26, 2015). That is what LSP Defendants have done here. So, LSP Defendants attack on Dr. Kirkham's methodology fails.

EJLD Defendants also attack Dr. Kirkham's methodology by arguing that his opinions are not based on the "methods and procedures of science." (Rec. Doc. 196-1, at 11 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

Plaintiff argues that an expert's opinions need not be grounded in science. (Rec. Doc. 221, at 12).

Plaintiff's argument has merit. Expert testimony does not always have to be based on scientific testing. "Rule 702 does not distinguish between scientific knowledge and technical or other specialized knowledge but makes clear that any such knowledge might become the subject of expert testimony." *Kumho Tire v. Carmichael*, 526 U.S. 137, 156 (1999). Accordingly, Dr. Kirkham may base his opinions on his technical or specialized knowledge on police use of deadly force.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that LSP Defendants' motion **(Rec. Doc. 195)** is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that EJLD Defendants' motion **(Rec. Doc. 196)** is **DENIED**.

Dr. Kirkham will be allowed to testify as an expert in this case, but his testimony will be limited to his opinions on applicable police policies and procedures and whether the shooting officers violated said policies and procedures when they continued to fire upon Mr. Asante-Chioke.

New Orleans, Louisiana, this 2nd day of October, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE