UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MALIKAH ASANTE-CHIOKE                                CIVIL ACTION

VERSUS                                               NO. 22-4587

NICHOLAS DOWDLE ET AL.                               SECTION: "J"(3)

### ORDER & REASONS

Before the Court is a *Motion in Limine to Exclude (1) All References to A "Business District" in the Vicinity of the Fatal Shooting of Mr. Asante-Chioke and any Hyperbolic, Prejudicial Characterizations of Hypothetical Outcomes, and (2) All Post-Shooting Evidence of Alleged Suicidal Ideations* **(Rec. Doc. 203)** filed by Plaintiff Malikah Asante-Chioke. Defendants filed oppositions to the motion. (Rec. Doc. 214; Rec. Doc. 219). Plaintiff filed a reply. (Rec. Doc. 233). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED**.

### LEGAL STANDARD

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to the facts of the case. Fed. R. Evid. 702. The United States Supreme Court's decision in *Daubert*

1

*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Both scientific and nonscientific expert testimony are subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

When expert testimony is challenged under *Daubert*, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence. *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998).

To be reliable, expert testimony must be based on "scientific knowledge," meaning it must be "ground[ed] in the methods and procedures of science" and based on "more than subjective belief or unsupported speculation." *Daubert,* 509 U.S. at 589-90. However, this rule does not require the testimony to be based on a scientific study, but allows testimony based on "personal experience" if, in the trial court's view, there is a sufficient level of "intellectual rigor" underlying the testimony. *Kumho Tire Co.*, 526 U.S. at 152. Indeed, "reliance upon extensive personal experience or specialized knowledge is an acceptable ground for the admission of expert testimony." *Derouen v. Hercules Liftboat Co., LLC*, No. CV 13-4805, 2015 WL 13528499, at *3 (E.D. La. Sept. 4, 2015).

A number of nonexclusive factors may be relevant to the reliability analysis, including: (1) whether the technique at issue has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the potential error rate; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see also Runnels v. Tex. Children's Hosp. Select Plan*, 167 F. App'x 377, 381 (5th Cir. 2006) ("[A] trial judge has considerable leeway in determining how to test an expert's reliability.").

With respect to the relevancy prong, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Ultimately, a court should not allow its "gatekeeper" role to supersede the traditional adversary system, or the jury's place within that system. *Scordill v. Louisville Ladder Grp., LLC*, No. 02-2565, 2003 WL 22427981 at *3 (E.D. La. Oct. 24, 2003). As the Supreme Court noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Generally, questions relating to the basis and

sources of an expert's opinion rather than its admissibility should be left for the jury's consideration. *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

## PARTIES' ARGUMENTS AND DISCUSSION

Plaintiff argues that the Court should exclude "(1) all references to a 'business district' or any 'businesses' in the vicinity of the shooting, including any hypotheses about possible outcomes had the shooting Defendants *not* fatally shot Mr. Asante-Chioke, including but not limited to hypothetical comparison to the mass-shooting in Uvalde, Texas; and (2) any evidence or testimony regarding Mr. Asante-Chioke's alleged suicidal ideations discovered after the fatal shooting." (Rec. Doc. 203-1, at 1). Plaintiff argues that such evidence should be excluded because it is irrelevant to this Court's qualified immunity determination. *Id.* at 2, 7.

Defendants argue that such evidence is relevant. (Rec. Doc. 214, at 3; Rec. Doc. 219, at 3). Defendants note that Courts must look at the "totality of the circumstances" when determining whether an officer is entitled to qualified immunity. (Rec. Doc. 214, at 3; Rec. Doc. 219, at 2).

The Court agrees with Plaintiff. While the Court is required to consider the totality of the circumstances in a qualified immunity analysis, certain facts may still be irrelevant. *Barnes v. Felix*, 145 S.Ct. 1353, at 1359 (2025). (explaining that in the qualified immunity totality of the circumstances analysis, some facts "may not be relevant at all.") As the Fifth Circuit clearly explained, the limited issue before the Court at this time is whether the shooting officers' actions to continue firing upon Mr.

4

Asante-Chioke were reasonable. "Here, the defense of qualified immunity turns on whether Dowdle continued using deadly force by firing shots at Asante-Chioke after he became incapacitated." *Asante-Chioke v. Dowdle et al.*, 103 F.4th 1126, 1131 (5th Cir. 2024). Neither references to a business district or businesses in the vicinity of the shooting, nor hypothetical alternatives had the shooting officers not fatally shot Mr. Asante-Chioke, nor the mental state of Mr. Asante-Chioke, is relevant to determine whether each officer continued to fire upon Mr. Asante-Chioke after he became incapacitated. Therefore, the Court will exclude such evidence.

## CONCLUSION

Considering the foregoing *Motion in Limine to Exclude (1) All References to A "Business District" in the Vicinity of the Fatal Shooting of Mr. Asante-Chioke and any Hyperbolic, Prejudicial Characterizations of Hypothetical Outcomes, and (2) All Post-Shooting Evidence of Alleged Suicidal Ideations* **(Rec. Doc. 203)** filed by Plaintiff Malikah Asante-Chioke.

**IT IS HEREBY ORDERED** that the motion is **GRANTED**.

New Orleans, Louisiana, this 8th day of January, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE